# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DERRICK JOHNSON, ADC # 106719                                                             PLAINTIFF

v.                                     5:15CV00129-JLH-JJV

RUSSELL, Dentist, Correctional
Care Solutions; *et al.*                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Derrick Johnson ("Plaintiff") is an inmate of the Arkansas Department of Correction Cummins Unit. He filed this *pro se* section 1983 action alleging that Defendants had acted with deliberate indifference toward his serious medical needs. (Doc. No. 1.) Now, Defendants argue that summary judgment is warranted because Plaintiff failed to exhaust his administrative remedies prior to filing this suit. (Doc. No. 19.) Plaintiff has responded. (Doc. No. 24.)

### II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or

fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.    ANALYSIS**

Defendants argue dismissal of this action is appropriate because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Specifically, they note that Plaintiff filed six[1] medical grievances between April 2012 and April 23, 2015. (Doc. Nos. 20-2 at 1.) He did not, however, fully exhaust any of those grievances. (*Id*.) For his part, Plaintiff contends that the severity of his dental problems made administrative exhaustion unnecessary. (Doc. No. 24 at 2.) For the reasons stated hereafter, I disagree.

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies

---

[1] The grievances are: CU-15-00339, CU-15-00365, CU-15-00375, CU-15-00607, CU-15-00624, and CU-15-00660. (Doc. No. 20-2 at 1.)

3

as to each claim in the complaint; and (2) **complete the exhaustion process prior to filing an action in federal court.** *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ; *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (emphasis added). Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

As previously noted, there is no dispute as to whether administrative exhaustion was complete at the time this action was filed. It was not. (Doc. Nos. 1 at 3; 24 at 2.) The only pertinent question is whether an inmate who believes himself to be in serious medical distress or imminent danger of physical harm may be exempted from the PLRA's exhaustion requirements. After review of the law and the record in this case, I conclude that there is no support for such an exemption.

ADC grievance procedure does not itself except inmates from administrative exhaustion requirements when they fear imminent danger or harm. Instead, Administrative Directive 14-16 ("Directive") - which was in effect at the times relevant to this action - provides for expedited grievances in those instances where inmates feel threatened with physical harm. Specifically, the Directive states that:

> An emergency situation is one in which the inmate is subjected to a substantial risk of physical harm such as sexual assault, physical abuse, staff sexual misconduct, or staff sexual harassment….If the inmate believes the matter to be an emergency, he/she will fill in the date beside "Emergency Grievance" on the Unit Level Grievance Form to designate an emergency, and present the form to any staff, but preferably the designated problem-solving staff. If that staff determines that an emergency does exist, corrective action shall be taken as soon as possible and no later than twenty-four (24) hours.

(Doc. No. 20-1 at 6, IV(E)(5).) Two of Plaintiff's grievances were marked as emergency grievances:

4

CU-15-00375 and CU-15-00660. (Doc. No. 20-3 at 7 & 14.) Prison staff found both grievances to be without merit, but Plaintiff declined to appeal either finding. (*Id*. at 6 & 12.)

I also find that nothing in the PLRA itself excuses Plaintiff's failure to exhaust his administrative remedies prior to filing this suit. The Eighth Circuit has excepted inmates from PLRA exhaustion compliance in two circumstances, namely "when prison officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (internal citations omitted). Plaintiff has not provided argument or evidence that either of those exceptions applies in this case. Even if Plaintiff believed that completing the grievance procedure would not adequately address his complaints, he was still required to exhaust. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) ("Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him."). In reaching this conclusion, I am not unsympathetic to Plaintiff's claims that he suffered intense physical pain. The law, however, is clear.

Finally, I recommend that Plaintiff's Motion to Amend Complaint (Doc. No. 23) be denied. In that Motion, Plaintiff alleges that he has been retaliated against for his use of the prison grievance procedure and for filing suit to vindicate his constitutional rights. (*Id*. at 1.) This claim is not sufficiently related to the medical claims which underpin this action. *See* Fed. R. Civ. P. 20(a)(2) (claims against multiple defendants must arise out of the same transaction or occurrence). If Plaintiff wishes to pursue these claims, he should file a separate action.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Clerk of Court alter the docket to reflect that Defendant "Russell" is

appropriately "Larry Russell"; Defendant "McConnell" is "Lori McConnell"; and that Defendant "A. Watts" is "Amanda Watt."

    2.    Defendants' Motion for Summary Judgment (Doc. No. 19) be GRANTED.

    3.    The Complaint (Doc. No. 1) be DISMISSED without prejudice.

    4.    Plaintiff's Motion to Amend Complaint (Doc. No. 23) be DENIED.

    5.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations would not be taken in good faith.

Dated this 1st day of July, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE